**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

ELENA KATZ

v. Civil No. 26-cv-822-JL-AJ

KENNETH C. BURNHAM ET AL.[1]

**REPORT AND RECOMMENDATION**

Before the court is pro se litigant Elena Katz's request for a preliminary injunction, which is embedded within the filings comprising her Complaint (Doc. No. 1). Katz seeks to enjoin the execution of a writ of possession, to prevent the Rockingham County Sheriff's Office from changing the locks on the mobile home that is her primary residence, and the primary residence of the person for whom Katz is guardian. Katz's request for emergency injunctive relief is before this Magistrate Judge for a Report and Recommendation. See Oct. 6, 2026 Order. For reasons explained below, the Rooker-Feldman doctrine and the Younger abstention doctrine provide the grounds for the district judge to deny Katz's request for emergency relief.[2]

**BACKGROUND**

Katz lives in a mobile home. She shares her home with a person with disabilities for whom she is the guardian. A residents' cooperative association -- the Cotton Farm Village Cooperative, Inc. -- owns the land where their home is situated.

---

[1] Defendants named in the Complaint are Kenneth C. Burnham, Cotton Farm Village Cooperative, Inc.; Does 1-10; Robert Libin; N.H. Community Loan Fund; N.H. Row Cal Property Management, d/b/a North Point Property Management; Bad Real Estate Management; Pater Real Estate Management; Guy Pichette; Row Call Property Management; Row Call Property Management Minnesota, Attorney Robert Shepard; Attorney Brittany White; the Rockingham County Sheriff's Department ("RCSD"); Hannah Chisholm; and RCSD Sheriff Greeney.

[2] The claims for damages in Katz's Complaint are subject to this court's preliminary review, which will be completed separately. See LR 4.3(d)(2); see also 28 U.S.C. § 1915(e)(2).

Their mobile home was an asset of the Greenvalley Realty Trust ("Trust"), acquired by that Trust in 1990, after the Trust's creation, upon a transfer of title from the Trust's grantor, Arnold Grodman, see Doc. No. 1-2, at 8-12. At the time of the Trust's creation in 1987, Grodman was the sole Trustee of that Trust, as well as one of two beneficiaries, along with Katz. Id. Grodman died in 2021. Doc. No. 1-2, at 2. Katz asserts she initiated a case in state probate court to be appointed as a successor trustee, and she asserts that the probate court case remains pending. Doc. No. 1, at 10.

At some point in 2026, the Cotton Farm Village Cooperative residents' association filed a landlord-tenant action, naming and then serving "Arnold Grodman, Trustee of the Greenvalley Realty Trust," as the defendant. See Return of Service, Cotton Farm Village Cooperative, Inc. v. Grodman, Trustee, Greenvalley Trust, No. 435-2026-LT-00041 (N.H. Cir. Ct., 10th Cir.–Dist. Div.–Brentwood) (Doc. No. 1-2, at 1). The state court in that landlord-tenant matter on May 15, 2026 issued a writ of possession, directing the Rockingham County Sheriff to cause the plaintiff, Cotton Farm Village Cooperative, to possess defendants' premises. See Writ of Possession, Cotton Farm Village Cooperative, Inc. v. Grodman, Trustee, Greenvalley Trust et al., No. 435-2026-LT-00041 (N.H. Cir. Ct., 10th Cir. – Dist. Div. – Brentwood Sept. 22, 2026) (Doc. No. 1-2, at 14). The writ specifically identifies the Trust, Grodman as Trustee, and "all other unknown occupants," as the defendants against whom the possessory judgment was entered. Id. The writ's return date is ninety days after September 22, 2026. Id. A cover letter to the Rockingham County Sheriff's Office, dated September 28, 2026, indicates that the Cooperative expected the Sheriff would call the Cooperative to arrange a time when the writ would be executed, and the locks would be changed.

Katz asserts that the true motive for the Cooperative's possessory action was retaliation

for her efforts at community organizing, including her leadership of what she identifies as an independent association of homeowners at the same park, and for federal litigation she filed on that entity's behalf without counsel.[3] Doc. No. 1, at 11. Katz asserts that there were procedural defects and due process violations in that state proceeding, and she claims that some of the defendants here could be liable for violations of the Fair Debt Collection Practices Act. She maintains that the Trust, and not the Cooperative, owns the mobile home where she lives. The relief she seeks here includes damages as well as a preliminary injunction, enjoining the execution of the writ. Her request for that preliminary injunction is before this court.[4]

## PRELIMINARY INJUNCTION STANDARD

A party seeking preliminary injunctive relief must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. Glossip v. Gross, 576 U.S. 863, 876 (2015) (citations and quotation marks omitted). The likelihood of success and irreparable harm are factors that weigh most heavily in the analysis. See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).

## DISCUSSION

### I. *Younger* Abstention

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts must abstain from enjoining

---

[3] The court dismissed that related federal case, N.H. Consumer Coop. v. Burnham, No. 25-cv-208-JL (D.N.H.), without prejudice, after notice, when counsel failed to file an appearance on plaintiff's behalf. See Dec. 15, 2025 Order & Jt., id. (ECF Nos. 12-13).

[4] All of Plaintiff's claims for relief also remain the subject of this court's preliminary review, which remains pending. See LR 4.3(d)(2); see also 28 U.S.C. § 1915(e)(2).

certain types of proceedings in state court, absent extraordinary circumstances. Younger abstention applies in three types of state proceedings, including "ongoing" civil proceedings "'that implicate a State's interest in enforcing the orders and judgments of its courts.'" Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015). (quoting Sprint Comm., Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013)). Abstention is appropriate when the requested relief in the federal case would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance her federal constitutional challenge. Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007). When Younger applies, abstention is mandatory, and the federal court is deprived of any discretion to grant injunctive relief. See Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976).

An ongoing proceeding to enforce a state court writ of possession is the type of proceeding to which Younger may apply. See, e.g., Martel v. Prevett, No. 26-cv-326-LM-TSM, 2026 WL 1390709 at *3, 2026 U.S. Dist. LEXIS 110850 at *6 (D.N.H. May 4, 2026), R&R adopted, 2026 WL 1388694, 2026 U.S. Dist. LEXIS 108807 (D.N.H. May 18, 2026). That proceeding implicates important interests of the State in adjudicating and enforcing judgments relating to property rights and possessory interests, as well as the State's interest in the enforcement of state court orders, writs, and judgments. See Young v. Town Line Vill. Coop., Inc., No. 23-cv-539-SE-TSM, 2023 DNH 153, 2023 WL 8807499, at *3, 2023 U.S. Dist. LEXIS 226309, at *6 (D.N.H. Dec. 20, 2023) (underlying state civil proceeding involving issuance of writ of possession after entry of default judgment implicates State's interest in enforcing state court orders). Though it is unclear from the record before this court whether the writ has been executed, and whether or not Katz filed any appeal in the landlord tenant case or might be

otherwise seeking post-judgment relief in that landlord-tenant matter, if the landlord-tenant case may properly be deemed an "ongoing" proceeding at this time, the Younger abstention doctrine squarely applies.

The few extraordinary circumstances where abstention is not required include state proceedings brought in bad faith for purposes of harassment, cases in which the state forum provides inadequate protection of federal rights, and cases where the statute at issue is "'flagrantly and patently violative of express constitutional prohibitions.'" Sirva Relocation, 794 F.3d at 192 (citations omitted). Nothing in the record here suggests any bad faith or harassment of the type that could make Younger abstention inapplicable, any inadequacy of the state forum (including the New Hampshire Supreme Court) for assertion of Katz's federal claims, or any other extraordinary circumstances, which could exempt her requests for equitable relief from abstention under Younger. Katz has thus failed to make the necessary showing of extraordinary circumstances that could allow this court to retain jurisdiction over her injunctive relief claims at issue, rendering those claims the proper subject of Younger abstention, to the extent her landlord-tenant case remains pending in some manner at this time.

II. *Rooker-Feldman*

Even if there is no longer any pending state landlord-tenant litigation in the state courts, the preliminary injunctive relief Katz seeks would nonetheless be unavailable. The Rooker-Feldman doctrine "prohibits federal [district] courts from adjudicating cases brought by state-court losing parties challenging state-court judgments" seeking federal district court review and reversal of the state court judgment. Reed v. Goertz, 598 U.S. 230, 235 (2023) (citations omitted). Rooker-Feldman bars federal district court jurisdiction in such cases, even if the state-court judgment remains subject to further review in the New Hampshire Supreme Court. T.M.

v. Univ. of Maryland Med. Sys. Corp., 608 U.S. 668, 680 (2026).

Judgment and a writ of possession issued in Katz's landlord-tenant case in the New Hampshire Circuit Court, and that the court issued a writ of possession. To the extent Katz seeks this court's review and reversal of that writ or a stay of its execution, arising from her claims of retaliation and abuse of process in the state courts, due process violations, or other errors as grounds for relief here, the injunctive relief she seeks is effectively unavailable. See Young v. Town Line Vill. Coop., Inc., No. 23-cv-539-SE-TSM, 2023 DNH 153, 2023 WL 8807499, at *2, 2023 U.S. Dist. LEXIS 226309, at *5 (D.N.H. Dec. 20, 2023) (court lacks jurisdiction to review due process claims challenging validity of default judgment in eviction case where federal court plaintiffs sought to enjoin state court issuance of writ of possession). Under the Rooker-Feldman doctrine, Katz's claims challenging the underlying state court writ of possession are subject to dismissal without prejudice. Accordingly, the district judge should deny her request for preliminary injunctive relief, as she has failed to demonstrate any likelihood of success on the merits of those claims.

## CONCLUSION

For the foregoing reasons, the district judge should deny Katz's request for emergency relief, set forth in her Complaint (Doc. No. 1). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right

to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

SO ORDERED.

Andrea K. Johnstone
United States Magistrate Judge

October 8, 2026

cc: Elena Katz, pro se